UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDERICK M DETWILER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JUDY SNOW, PAT "DOE," and the PIERCE COUNTY SHERIFF'S DEPARTMENT.<br><br>　　　　　　Defendants. | CASE NO. C14-5251 BHS-JRC<br><br>ORDER TO FILE AN AMENDED COMPLAINT |

　　　　This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b) (1) (A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

　　　　Plaintiff is attempting to sue the Pierce County Sheriff's Office in a civil rights action (Dkt. 1, proposed complaint). A sheriff's department is not an entity that can be sued in a civil rights action.

ORDER TO FILE AN AMENDED COMPLAINT - 1

1           The Civil Rights Act, 42 U.S.C. § 1983, allows for suit against a person acting under the

2    color of state law who deprives someone of rights, privileges or immunities secured by the

3    constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled

4    in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986).

5           The Civil Rights Act, 42 U.S.C. § 1983 applies to actions of "persons" acting under color

6    of state law.  The language of §1983 is expansive and does not expressly incorporate common

7    law immunities. *Owen v. City of Independence, Mo*, 445 U.S. 622, 627 (1980).  Municipalities

8    are subject to suit under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658,

9    690 (1978).  However, "[i]n order to bring an appropriate action challenging the actions, policies

10   or customs of a local governmental unit, a plaintiff must name the county or city itself as a party

11   to the action, and not the particular municipal department or facility where the alleged violation

12   occurred. *See Nolan v. Snohomish County*, 59 Wash. App. 876, 883, 802 P.2d 792, 796 (1990)."

13   *Bradford v. City of Seattle,* 557 F. Supp.2d 1189, 1207 (W.D. Wash. 2008)(holding that the

14   Seattle Police Department is not a legal entity capable of being sued under § 1983).

15          In Washington responsibility for operating a county or city jail is set forth by statute:

16   > A city or county primarily responsible for the operation of a jail or jails may
> create a department of corrections to be in charge of such jail and of all persons
17   > confined therein by law, subject to the authority of the governing unit. If such
> department is created, it shall have charge of jails and persons confined therein. If
18   > no such department of corrections is created, the chief law enforcement officer of
> the city or county primarily responsible for the operation of said jail shall have
19   > charge of the jail and of all persons confined therein.

20   RCW 70.48.090(4).  Thus, it appears the proper defendant would be Pierce County, not

21   the Sheriff's Department.

22          The Court orders that plaintiff file an amended complaint curing the defect in his

23   filing.  Plaintiff's amended complaint will act as a complete substitute for the original and

24

ORDER TO FILE AN AMENDED COMPLAINT - 2

not as a supplement. Plaintiff must file his amended complaint on or before April 25, 2014 or the Court will recommend dismissal of this action for failure to comply with a Court order and failure to prosecute.

Dated this 28th day of March, 2014.

J. Richard Creatura
United States Magistrate Judge

ORDER TO FILE AN AMENDED COMPLAINT - 3