UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FREDERICK M DETWILER,

            Plaintiff,

      v.

PIERCE COUNTY, JUDY SNOW, PAT
CARNY,

            Defendants.

CASE NO. C14-5251 BHS-JRC

ORDER ON PENDING MOTIONS

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

There are a number of pending motions in this action.  The Court can address some of these motions by order and some must be addressed in a Report and Recommendation.

The first motion is plaintiff's motion to have the Court serve subpoenas (Dkt. 25). Plaintiff obtained signed subpoenas from the Court.  One of these subpoenas is directed to defendants and tells them to provide documents (Dkt. 25-1)  The other subpoena is directed to Dr. Stanley Fleming and directs him to provide medical records (Dkt. 25-2).  Plaintiff's pro se

1   status pays the filing fee, which an inmate repays over time, and the cost of initial service of

2   process.  Plaintiff must still pay other costs of litigation.  The Court does not serve subpoenas.

3   Plaintiff can send a subpoena duces tecum to counsel in connection with depositions.  *See* Fed.

4   R. Civ. P. 30(b)(2).  Plaintiff may make a discovery request pursuant to Fed. R. Civ. P. 34.  If

5   plaintiff wishes to enforce a subpoena served pursuant to Fed. R. Civ. P. 45, he must provide the

6   Court with proof that he has complied with the rule.  The Court denies plaintiff's motion asking

7   the Court to serve his subpoenas (Dkt. 25).

8          Plaintiff's next asks the Court to allow him to file an amended complaint (Dkt. 28).

9   Plaintiff makes his request in response to a motion to dismiss filed by defendants (Dkt. 21).

10  However, plaintiff has already filed one amended complaint (Dkt. 7).

11         Fed. R. Civ. P. 15(a) addresses amendment of the complaint before trial and states:

12         (a) Amendments Before Trial.

13         (1) Amending as a Matter of Course. A party may amend its pleading once as a
           matter of course within:
14
           (A) 21 days after serving it, or
15
           (B) if the pleading is one to which a responsive pleading is required, 21 days after
16         service of a responsive pleading or 21 days after service of a motion under Rule
           12(b), (e), or (f), whichever is earlier.
17
           (2) Other Amendments. In all other cases, a party may amend its pleading only
18         with the opposing party's written consent or the court's leave. The court should
           freely give leave when justice so requires.
19
           Fed. R. Civ. P. 15(a)(2) applies to this case because plaintiff has already amended his
20
    complaint once (Dkt. 7).   There are policy reasons for liberally granting motions to amend when
21
    justice so requires. *Sweaney v. Ada County*, 119 F.3d 1385, 1392 (9th Cir, 1997).  The factors
22
    considered include undue delay, bad faith, prejudice to the opponent, and futility. *Id.  See also*
23

24

1  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  A party wishing to amend a pleading in this court

2  must comply with Local Civil Rule 15.  Local Civil Rule 15 states:

3      A party who moves for leave to amend a pleading, or who seeks to amend a
       pleading by stipulation and order, must attach a copy of the proposed amended
4      pleading as an exhibit to the motion or stipulation. The party must indicate on the
       proposed amended pleading how it differs from the pleading that it amends by
5      bracketing or striking through the text to be deleted and underlining or
       highlighting the text to be added. The proposed amended pleading must not
6      incorporate by reference any part of the preceding pleading, including exhibits. If
       a motion or stipulation for leave to amend is granted, the party whose pleading
7      was amended must file and serve the amended pleading on all parties within
       fourteen (14) days of the filing of the order granting leave to amend, unless the
8      court orders otherwise.

9  *See* Local Civil Rule 15.  Plaintiff has not provided the Court with a proposed amended

10  complaint.  The Court is not in a position to rule properly on plaintiff's request because the Court

11  cannot know if the proposed amendment cures any defect or is futile.  Accordingly, the Court

12  denies plaintiff's motion to file an amended complaint (Dkt. 27), without prejudice.  Plaintiff

13  may renew his motion and provide a proposed complaint.  If plaintiff files a motion to amend

14  with a proposed amended complaint he needs to know that the proposed complaint would be a

15  complete substitute for the original amended complaint and not a supplement.

16      Plaintiff's third motion is a one paragraph request to "dismiss all pending charges." (Dkt.

17  28).  The Court would consider this filing as a notice of dismissal pursuant to Fed. R. Civ. P. 41,

18  however, plaintiff has subsequently continued to pursue this action by filing a motion to compel

19  discovery and a motion to "contest summary judgment and proceed to trial." (Dkt. 32 and 34).  If

20  plaintiff wishes to dismiss this action he may file a notice of dismissal.   *See* Fed. R. Civ. P. 41.

21  There are no pending charges in this case because the action is a civil action and not a criminal

22  prosecution.  This motion is dispositive and must be addressed in a separate Report and

23

24

ORDER ON PENDING MOTIONS - 3

1  Recommendation unless plaintiff withdraws the motion.  The Court will address this motion on

2  October 17, 2014, if plaintiff does not withdraw the motion.

3       The next motion is defendants' request for additional time to file a reply regarding the

4  currently pending motion to dismiss (Dkt. 29).  Defendants filed their reply on August 15, 2014,

5  (Dkt. 33).  The Court will consider that filing and denies defendants' motion for additional time

6  as moot.

7       Plaintiff filed a motion to compel discovery asking the Court to order Conmed medical

8  record staff to produce "documents, records, or electronically stored information" critical to his

9  case (Dkt. 32).   Conmed is not a party to this action.  The Court requires information and a

10  response from defendants regarding this motion.  Plaintiff does not have a right to free copies;

11  however, he does have a right to view his own medical files and have copies of documents made

12  if he can afford them.  Defendants' response should address if there are medical records at the

13  facility regarding plaintiff's health or treatment, how those records are stored, and if plaintiff has

14  the opportunity to view his own medical records and make copies if he can afford them.

15  Defendants' response to this motion will be due on or before September 26, 2014. Plaintiff's

16  reply will be due on or before October 10, 2014.  The Court re-notes (Dkt. 32), for October 10,

17  2014.

18       Plaintiff's final motion is a "motion in opposition to summary judgment" with eighty

19  eight pages of declarations and exhibits (Dkt. 34 and 35).  There is not a motion for summary

20  judgment pending before the Court.  Defendants filed a motion to dismiss (Dkt. 21).  A motion to

21  dismiss tests the sufficiency of a complaint.  *Amfac Mortg. Corp. v. Arizona Mall of Tempe, Inc.*,

22  583 F. 2d 426, 429 (9th Cir. 1978).  Matters outside the complaint are not considered unless they

23  are something that the Court can consider by judicial notice.  Fed. R. Civ. P. 12 (d) states that if

24

1   matters outside the pleadings are submitted and not excluded by the Court the motion to dismiss

2   must be treated as a motion for summary judgment.  *See* Fed. R. Civ. P. 12(d).  The Court is not

3   inclined to convert defendants' motion to dismiss to a motion for summary judgment.  The Court

4   will not consider (Dkt. 34 or 35).

5          This leaves the Court with defendants' motion to dismiss.  The Court wishes to address

6   plaintiff's motion to compel and plaintiff's motion to dismiss prior to considering defendants'

7   motion to dismiss.  Therefore, the Court re-notes defendants' motion to dismiss (Dkt. 21) for

8   October 17, 2014.

9          The Clerk's Office is instructed to remove Dkt. 25, 27, 29, and 34, from the Court's

10  calendar.  Re-note Dkt. 32, for consideration on October 10, 2014 and re-note Dkt. 28 and 21 for

11  October 17, 2014.

12

13         Dated this 10th day of September, 2014.

14

15  _____

    J. Richard Creatura

16      United States Magistrate Judge

17

18

19

20

21

22

23

24