UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDERICK M DETWILER, | |
| Plaintiff, | CASE NO. C14-5251 BHS-JRC |
| v. | REPORT AND RECOMMENDATION |
| PIERCE COUNTY SHERIFF'S DEPARTMENT, JUDY SNOW, PAT CARNY. | NOTED FOR: FEBRUARY 20, 2015 |
| Defendants. | |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Currently before the Court is defendants' motion to dismiss plaintiff's amended complaint (Dkt. 21). However, because plaintiff has not kept the Court apprised of his current address, as required by local rules, the Court recommends that no action be taken on that motion at this time, and that this matter be dismissed without prejudice for failing to provide a current address as required by to Local Civil Rule 41(b)(2).

REPORT AND RECOMMENDATION - 1

FACTS

Plaintiff was an inmate incarcerated at the Pierce County Jail at the time he filed both an original and amended complaint (Dkts. 4 and 7). Plaintiff alleges that he is mentally ill and defendants were not providing him with the medicine that is effective in treating his mental condition (Dkt. 7). In the original complaint, plaintiff alleges that as a result of his not receiving the proper medication he hears voices, sees things, cannot get proper sleep, and is terrified (Dkt. 4, p. 3). In the original complaint plaintiff also alleged that defendants refused to give him nitroglycerine for a heart condition and as a result he suffered from chest pain (*id*. at 4).

Defendants move to dismiss arguing that plaintiff fails to allege any physical injury and the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) precludes him from seeking damages for emotional or mental injury without physical injury (Dkt. 21 p. 8).

DISCUSSION

A.   Defendants motion to dismiss.

Pro se plaintiffs facing a motion to dismiss must have an opportunity to amend their complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Rizzo v. Dawson*, 778 F.2d 527, 529-30 (9th Cir. 1985). While plaintiff did not plead facts showing any physical injury in his amended complaint, in the original complaint, since plaintiff has failed to keep the Court apprised of his current residence, the Court cannot give plaintiff any opportunity to amend his complaint to address defendants' motion. Therefore, the Court recommends that no action be taken on defendants' motion at this time.

B. Failure to keep the Court apprized of a current address.

Local Civil Rule 41(b)(2) states:

A party proceeding pro se shall keep the court and opposing parties advised as to his or her current mailing address and, if electronically filing or receiving notices electronically, his or her current email address. If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service, or if email is returned by the internet service provider, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing or email address, the court may dismiss the action without prejudice for failure to prosecute.

The Court sent plaintiff a copy of an order denying a motion to compel on October, 28, 2014 (Dkt. 40). The United States Post Office returned the order as undeliverable on November 7, 2014 (Dkt. 41). Since that time there have been no filings in this action and the Court does not have a current address for plaintiff. This action has been subject to dismissal for plaintiff's failure to keep the Court apprized of a current address since January 7, 2015. Accordingly, the Court recommends dismissal of this action without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on February 20, 2015, as noted in the caption.

Dated this 27th day of January, 2015.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3